# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,       )
       )
v.       ) Criminal Action No. 3:12CR175–HEH
       )
JEROME RAHEEM-RASHAD PULLIAM,       )
       )
    Defendant.       )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Jerome Raheem-Rashad Pulliam, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 84) arguing that his firearm conviction and sentence are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 90.) As discussed below, while the Government correctly asserts that the § 2255 Motion is untimely, the Court also finds that Pulliam's *Johnson* claim lacks merit.

## I. FACTUAL AND PROCEDURAL HISTORY

On November 7, 2012, Pulliam was charged in a two-count indictment with: the bank robbery of the Village Bank in Midlothian, Virginia (Count One): and using, carrying, and brandishing a firearm during and in relation to a crime of violence, to wit, the bank robbery charged in Count One (Count Two). (ECF No. 15, at 1–2.) On January 22, 2013, Pulliam agreed to plead guilty to Counts One and Two. (ECF No. 25, at 1.)

On May 13, 2013, Pulliam was charged in a Supplemental Criminal Information with interference with commerce by threats and violence ("Hobbs Act robbery") by robbing "at gun-point the New Exxon Mart," in Glen Allen, Virginia. (ECF No. 62, at 1.) On May 14, 2013, Pulliam pled guilty to the Hobbs Act robbery charged in the Supplemental Criminal Information. (ECF No. 65.)

On May 23, 2013, the Court entered judgment on the above convictions and sentenced Pulliam to 115 months on Count One, 84 months on Count Two, and 144 months on the Hobbs Act robbery, all to be served consecutively. (ECF No. 73, at 2.) Pulliam did not appeal.

On June 17, 2016, Pulliam placed his § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 84, at 9.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

## II. ANALYSIS

### A. Pulliam's § 2255 Motion is Untimely

Under 28 U.S.C. § 2255(f)(1), Pulliam was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Because Pulliam did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Thursday, June 6, 2013, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence,

Pulliam had until June 6, 2014 to file any motion under 28 U.S.C. § 2255. Accordingly,

absent a belated commencement of the limitation period, Pulliam's § 2255 Motion is

untimely. Pulliam contends that he is entitled to a belated commencement of the

limitation period under 28 U.S.C. § 2255(f)(3).

Section 2255(f)(3) provides that a petitioner may bring a claim within a year of the

date of which the right asserted was initially recognized by the Supreme Court. "[T]o

obtain the benefit of the limitations period stated in § 2255(f)(3), [Pulliam] must show:

(1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made

retroactively applicable to cases on collateral review'; and (3) that he filed his motion

within one year of the date on which the Supreme Court recognized the right." *United*

*States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012).

The "right" asserted here is the right recognized in *Johnson*. In *Johnson*, the

Supreme Court held "that imposing an increased sentence under the residual clause of the

Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due

process." 135 S. Ct. at 2563.[1] The *Johnson* Court concluded that the way the residual

---

[1] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has
> three previous convictions by any court referred to in section 922(g)(1) of
> this title for a violent felony or a serious drug offense, or both, committed
> on occasions different from one another, such person shall be fined under
> this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

Pulliam asserts that his firearm conviction is unlawful in light of *Johnson*, and in doing so, he argues that *Johnson* restarted the one-year limitation period pursuant to § 2255(f)(3).[2] For a petitioner to satisfy section 2255(f)(3), the Supreme Court itself must be the judicial body to establish the right in question. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). "[I]f the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (citation omitted).

Pulliam was convicted of using, carrying, and brandishing a firearm during the commission of a crime of violence, to wit, bank robbery, in violation of 18 U.S.C. § 924(c). Pulliam's argument—that the residual clause of § 924(c) is unconstitutionally vague—simply was not a right announced in *Johnson*. Rather, the Supreme Court's holding in *Johnson* only addressed the residual clause of ACCA. As the Fourth Circuit

---

[2] At least six judges in the Eastern and Western Districts of Virginia have rejected this argument and dismissed as untimely *Johnson*-related challenges resulting from § 924(c) convictions. *See Gray v. United States*, Nos. 1:08–cr–00273–GBL–2, 1:16–cv–00606–GBL, 2017 WL 6759614, at *3 (E.D. Va. Sept. 12, 2017) (citing four other Eastern District of Virginia judges who have dismissed these challenges as untimely and also holding the same); *United States v. Shifflett*, No. 5:14–cr–00007, 2017 WL 2695272, at *2–3 (W.D. Va. June 21, 2017).

has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." *United States v. Fuertes*, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Pulliam's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in *Johnson. See United States v. Cook*, No. 1:11–cr–188, 2019 WL 921448, at *3 (E.D. Va. Feb. 25, 2019) ("[T]he question of [*Sessions v. Dimaya*, 138 S. Ct. 1204 (2018),] and *Johnson*'s effect on Section 924(c)(3)(B) is not yet settled.")[3] Thus, the Government correctly asserts that Pulliam's § 2255 Motion is untimely and barred from review here. Accordingly, the Government's Motion to Dismiss (ECF No. 90) will be granted.

### B. Pulliam's Claim Lacks Merit.

Pulliam's *Johnson* claim also lacks merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))). Pulliam contends that after *Johnson*, the offense of bank robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. Although Pulliam was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause

---

[3] In *Dimaya* the Supreme Court held that a similarly worded residual clause in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216.

(18 U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as

unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of

imprisonment when a defendant uses or carries a firearm in furtherance of a crime of

violence. The baseline additional period of imprisonment is five years. 18 U.S.C.

§ 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of

imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the

defendant discharges the firearm, the additional period of imprisonment increases to at

least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime

of violence if it establishes that the offense is a felony and satisfies one of two

requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical
> force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the
> person or property of another may be used in the course of committing the
> offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Fourth Circuit has concluded that bank robbery in violation of 18

U.S.C. § 2113(a) qualifies as a crime of violence under the Force Clause.[4] *See United*

*States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016).

---

[4] The Fourth Circuit recently concluded that the Residual Clause of § 924(c) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

Lastly, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Pulliam' § 924(c) conviction is predicated on a valid crime of violence under the Force Clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33.

> Initially, the parties and the Fourth Circuit agreed that,
>
> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

As explained above, bank robbery is a valid crime of violence under the Force Clause. *McNeal*, 818 F.3d at 152. Thus, neither *Simms* nor *Dimaya* alters the conclusion that Pulliam's § 924(c) conviction rests upon a valid predicate crime of violence under the Force Clause. *See Isom v. United States*, Nos. 1:16CV853, 1:03CR241–1, 1:03CR242–1, 2018 WL 7141872, at *4 (M.D.N.C. Nov. 2, 2018) ("*Dimaya* simply extended *Johnson* to also cover the residual clause of the definition of "crime of violence" found in 18 U.S.C. § 16(b)."), *report and recommendation adopted,* No.

1:03CR241–1, 2019 WL 369283 (M.D.N.C. Jan. 30, 2019).  Accordingly, Pulliam's

claim will be dismissed.

## III. CONCLUSION

Pulliam's Motions to Supplement based on *Dimaya* and *Simms* (ECF Nos. 96, 97)

will be granted.  The Government's Motion to Dismiss (ECF No. 90) will be granted.

The § 2255 Motion (ECF No. 84) will be denied.  Pulliam's Motions for the Appointment

of Counsel (ECF Nos. 85, 88) are DENIED.  Pulliam's claim and the action will be

dismissed.  A certificate of appealability will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

_____ /s/ _____
HENRY E. HUDSON
Date: **April 5 2019**          SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia